IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE SETTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | No. 06-1092-JDT-egb |
| | ) | |
| RICKY J. BELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT,
DENYING MOTION TO AMEND PETITION AND
DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS*

Petitioner Mike Settle filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2254. (ECF No. 7.) On September 4, 2009, the Court denied the petition as untimely and entered judgment. (ECF Nos. 52 & 54.) The Sixth Circuit denied a certificate of appealability. *Settle v. Bell*, No. 09-6168 (6th Cir. July 20, 2010), *cert. denied*, 131 S. Ct. 480 (Oct. 19, 2010). On March 17, 2011, Settle filed a motion in which he attempted to raise a new claim that he asserted he had recently exhausted in the state courts. (ECF No. 61.) This Court transferred the motion to the Sixth Circuit as a second or successive petition under 28 U.S.C. § 2244(b)(3). (ECF No. 63.) The Court of Appeals dismissed the application for want of prosecution. *In re Settle*, No. 11-5463 (6th Cir. July 11, 2011). Settle has since filed several unsuccessful habeas petitions and motions in both this Court and the Sixth Circuit seeking to further challenge his state-court convictions.

On March 28, 2016, Settle filed a motion for relief from judgment in this case pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 67.) He alleges that in denying his § 2254 petition as time barred, the Court erroneously found that the statutue of limitations was not tolled during the

pendency of his second state habeas petition because it was not "properly filed" under 28 U.S.C. § 2244(d)(2).

Settle filed a second motion for relief from judgment pursuant to Rule 60(b) on May 20, 2016. (ECF No. 72.) He contends that his trial counsel was ineffective by failing to investigate whether the terms of the plea agreement, which provided that his state and federal sentences were to run concurrent, could be satisfied. Settle argues that the fact he was proceeding *pro se* during both state and federal collateral review constitute cause for any procedural default of that claim.

Under Rule 60(b) "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Settle asserts that his motions for relief from judgment are based on newly discovered evidence. However, the Court rejects that contention. The mere fact that Settle did not think to raise

2

these additional arguments until now does not mean they are "new evidence." Therefore, he is not entitled to relief under subsection (2) of Rule 60(b).

Legal errors fall within the definition of "mistake" under Rule 60(b)(1). *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). However, Rule 60(b) is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). The Court is not persuaded that the denial of Settle's § 2254 petition was erroneous.

Subsection (b)(6), authorizing the Court to grant a Rule 60(b) motion for "any other reason that justifies relief," is to "be used only in exceptional or extraordinary circumstances" that are not covered under subsections (1)-(5). *Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985). "'Exceptional circumstances' under Rule 60(b)(6) means 'unusual or extreme situations where principles of equity mandate relief' and the party must show that absent relief, extreme and undue hardship will result." *United States v. Real Prop. Known and Numbered as 429 S. Main St., New Lexington, Ohio*, 960 F. Supp. 1155, 1160 (S.D. Ohio 1995) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Settle's circumstances do not present the type of "unusual or extreme situation" justifying relief under Rule 60(b)(6).

In addition, Settle's Rule 60(b) motions were not timely filed. Rule 60 provides that "for reasons (1), (2) and (3)" of Rule 60(b), a motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1). Under the remaining subsections, the motion must be made "within a reasonable time." *Id.* The Court entered judgment in this case on September 4, 2009, well over six years before Settle filed the present Rule 60(b)

3

motions. Therefore, Settle's motions, which are based on subsections (1) and (3), are untimely. Even if the motions are construed as having been brought under subsection (6), the Court finds that Settle's Rule 60(b) motions were not filed within a reasonable time.

Along with the Rule 60(b) motion he filed on June 10, 2016, Settle also filed a motion to amend the § 2254 petition. (ECF No. 76.) He argues that he recently exhausted a claim arising under *Brady v. Maryland*, 373 U.S. 83 (1963), and should be allowed to raise that claim at this belated date. However, as the Court has denied relief from judgment, the petition may not be amended. Furthermore, the Sixth Circuit has already denied Settle leave to file a second or successive § 2254 petition based on his *Brady* claim. *In re Settle*, No. 16-5799, at *2-*3 (6th Cir. Oct. 27, 2016). Therefore the motion to amend is also DENIED.

The motions to proceed *in forma pauperis* filed by Settle (ECF Nos. 73 & 76) are DENIED as moot.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE